Rosine and others *v.* Marcellin Bonnabel and others.

Parol evidence is inadmissible to establish a fact of which it appears that the party had written evidence, not accounted for.

Manumission cannot be proved by parol.

The laws of foreign States may be proved by parol, unless they appear to be statutory or written law.

Parol evidence is admissible to prove that, by the laws of Spain, a copy of a judicial proceeding, certified by a notary public of the Cabildo, under his signature and *paraph*, his capacity being attested by three other notaries, certifying that his acts are entitled to full faith and credit, would be admissible in any Spanish tribunal. Such evidence having been introduced, proof of the capacity and signatures of the notaries, is all that is necessary to the authentication of the copies. Since the act of 28th February, 1837, ch. 38, requiring " the courts of this State to receive the attestation or certificate of any American consul, general consul, vice-consul, or commercial agent, residing in any foreign country, as legal evidence of the attributes, and official station or authority of any magistrate or other civil officer in such foreign country, under the laws thereof," parol proof of such capacity, which is essentially secondary evidence, is inadmissible ; but proof under the great seal of the nation is still good. The capacity and signatures of notaries to copies made out before the act of 1837, may still be proved by parol, under the decision in *Las Caygas* v. *Larionda's Syndics*, (4 Mart. 283.)

It is only the attributes and official station of foreign civil officers which are required,

by the act of 28th February, 1837, to be proved by the consular certificate, or that of a commercial agent. Parol evidence is admissible to prove the laws of a foreign country, not shown to be statutory or written, relative to the forms of authentication of copies of judicial proceedings.

The acts of foreign notaries do not prove themselves, except as to the protests of foreign bills of exchange.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

BULLARD, J.* Rosine, the original plaintiff, who died *pendente lite*, had sued for her liberty, and that of her minor children, alleging that her former mistress manumitted her in St. Jago de Cuba, in the year 1806, for and in consideration of three hundred dollars, which were paid her in hand, and promised to cause the deed of emancipation to be executed before the proper authority when called upon. After the death of Rosine, her children continued to prosecute the suit, having made new parties defendants, and one of them bringing her own children as co-plaintiffs, assisted by a *curator ad hoc*. Ultimately, after a delay of more than ten years, the case was submitted to a jury, who found a verdict for the defendants, and the plaintiffs have appealed.

The case is before us upon three bills of exceptions, from the two first of which it appears, that the plaintiffs offered to prove by witnesses, who had been sworn in the cause, that Rose Facquebon, or Jacson, the former mistress of Rosine, had, either at St. Jago de Cuba, or at New Orleans, or at both places, told them that she had received of Rosine $300 for her liberty, and that she had signed a private act of emancipation, and promised to ratify it before the proper authorities, and that Rosine was free; and also various acts and declarations of the former mistress relative to the slave Rosine. This evidence was properly refused ; because it appeared, that there had been written evidence not accounted for, upon which the plaintiff relied to support her claim to freedom, and because manumission cannot be proved by parol.

It appears by the third bill of exceptions, that the plaintiffs offered in evidence a document in Spanish, purporting to be a transcript of certain judicial proceedings before a tribunal in St.

---

* MORPHY, J. having been of counsel in this case, did not sit on its trial.

Jago de Cuba, instituted by Rosine against her former mistress ; and offered, at the same time, to prove by the deposition of the Spanish Consul in New Orleans, that the manner in which said document is certified and authenticated is the legal manner in the Spanish dominions, and that before the tribunals of that country, the said document would be admitted as making full proof of itself. The counsel also offered to prove the genuineness of the signatures of the notaries who signed said document, or at least of some of them, and to prove at the same time, that they were really notaries at the place and time mentioned in the certificate, at the bottom of said document. The counsel offered further to make oath that he had, since the institution of this suit, used due diligence to procure a similar document, legalized by the American Consul at St. Jago de Cuba, and also to procure the original act under private signature, by which Rose Facquebon, *alias* Jacson, had actually emancipated Rosine, and promised to ratify said emancipation before the proper authority ; but that he never received any answer to his several letters written to that effect.

The counsel for the defendants objected to the admission of the document, and of the oral evidence, on the following grounds :— That the verity of the signatures at the bottom of the document, could not be proved by oral evidence, but that the document ought to be so authenticated as to prove itself, either by an exemplification under the great seal, or by a copy, proved to be a true copy by the certificate of an officer authorized by law, such as the consul, vice-consul, or commercial agent ; and that, as the paper purports to be a judicial proceeding, it ought to have the signature of the Judge and the Clerk, and the seal of the court.

The court sustained these objections, refused to receive the oral testimony and the document, and the counsel for the plaintiffs took his bill of exceptions.

It is certain, that the document in question does not carry on its face such evidence of authenticity as to authorize its admission as evidence. Two things are wanting, to wit : 1st. Proof that it is a copy of a judicial proceeding ; 2d. That it is certified in such a manner as that, by the laws of Spain, it would be admitted as evidence in the tribunals of that country. If it would be received there, it is admissible here between the same parties, or their

*ayant-cause.* The whole difficulty then resolves itself into a question of fact, to wit : What is the law of Spain upon the subject of copies of judicial proceedings, when to be used in a different court from that which rendered the judgment, and in what form, and by what officer, is the copy to be authenticated. It is well settled, that the laws of foreign States may be proved by parol, unless it appear to be statutory, or written law.    5 Mart. 673.

It was, therefore, competent in our opinion, for the plaintiffs to prove by parol, that by the laws of Spain, a copy of a judicial proceeding, certified by a notary public, and of the Cabildo, under his signature and paraph, and his capacity attested by three notaries, certifying at the same time that his acts are entitled to full faith and credit, as appears to have been done in this case, would be admissible in any Spanish tribunal.    Nothing would then be wanting, but proof of the capacity and signatures of the notaries, and the question remains, what would be proper evidence of those facts.

The acts of foreign notaries do not prove themselves, except in relation to the protests of foreign bills of exchange.    4 Mart. 86 and 285.

In the case of *Las Caygas* v. *Larionda's Syndics,* this court held, that the signature and official capacity of a notary in a foreign country, might be proved by parol.    4 Mart. 283.

Since this latter decision, the legislature has established a new mode of proving, in our courts, the attributes and official station, or authority, of civil officers in foreign countries.    The act of 1837, entitled, an " Act providing for the authentication of foreign documents before the courts of the State of Louisiana," provides " that it shall be the duty of the courts to receive the attestation, or certificate of any American consul, general consul, vice-consul or commercial agent, residing in any foreign country, as legal evidence of the attributes, and official station or authority of any magistrate, or other civil officer in such foreign country, *under the laws thereof,*" &c.

Although this statute does not purport to introduce an *exclusive* mode of proving the authority of foreign functionaries, yet, since its enactment, it would perhaps exclude the proof of such capacity by parol, which is essentially secondary evidence ; but the

proof under the great seal of the nation, would still be admissible ; and parol evidence might yet be received to prove the foreign law relative to the forms of authentication. It is only the attributes, and official station, which are to be proved by the consular certificate. But we cannot well see how a consular agent, at this time, could certify the official character of notaries, who attested a document seventeen years ago ; and, at the time the attestation of this document bears date, the consular agents of the United States had no such authority. If in 1826, when this copy purports to have been made out and attested, a consul of the United States had certified the official character of the three notaries, the certificate would have been null, and the instrument thus certified would have been excluded. We see no violation of principle in allowing, at this time, the same evidence of authenticity, as it relates to the instrument in question, which would have been legal and proper before the passage of the act of the legislature.

We, therefore, conclude, that parol evidence was admissible to prove, that a copy of judicial proceedings, certified as this appears to have been, would, according to the law of Spain, be admissible in her tribunals ; and to prove that the three notaries who attest the act of the officer certifying the copy, were acting notaries at that time, and that their signatures are genuine. With this preliminary proof we think the document admissible in evidence.

It is, therefore, ordered and decreed, that the judgment of the Parish Court be reversed, the verdict set aside, and the cause remanded for a new trial, with directions to the judge not to exclude parol evidence to prove the law of Spain in relation to the authentication of judicial records, and of the genuineness of the signatures of the three notaries ; and, if satisfied according to that evidence, that the document in question is admissible, not to exclude it on the ground of its wanting any other attestation, or proof of authenticity ; and it is further ordered, that the costs of the appeal be paid by the defendants.

*J. Seghers* and *Canon*, for the appellants.

*Mitchell*, for the defendants.