The judgment appealed from is therefore affirmed.

---

(68 South. 392)

No. 20658.

WALSH v. WALSH et al.

In re WALSH.

(April 12, 1915. Rehearing Denied May 10, 1915.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE &#9758;229—PLEADING—WHAT LAW GOVERNS—AMENDMENT.

Where a nonresident married woman was sued by attachment on a note executed by herself and husband in the city of Dublin, Ireland, for a loan of money for the purpose of meeting certain necessary family expenses, the note being payable three months after date in said city, *held* that the petition disclosed on its face that plaintiff's cause of action arose under, and must be determined by, the laws of Ireland. *Held*, further, that the trial court properly allowed plaintiff to amend, during the trial, so as to allege that the defendant was bound on the note under the laws of Ireland. *Held*, further, that the trial judge erred in thereafter reversing his ruling and dismissing the amended petition.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 816–835, 838, 840–843, 979, 980; Dec. Dig. &#9758;229.]

2. EVIDENCE &#9758;517—PAROL—FOREIGN LAW.

Parol evidence is admissible to prove the law of a foreign country on a particular subject-matter, where the evidence does not affirmatively show that such law is in writing.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2327; Dec. Dig. &#9758;517.]

Provosty, J., dissenting.

Action by John T. Walsh against Thomas M. Walsh and Julia Braughn Walsh. A judgment for defendants was reversed by the Court of Appeal, and Julia Braughn Walsh, by her curator ad hoc applies for certiorari or writ of review. Judgment of Court of Appeal affirmed.

Delvaille H. Theard, of New Orleans, for applicant. Carleton Hunt and Theodore A. Schuber, both of New Orleans, for respondent.

LAND, J. Plaintiff instituted an attachment suit against the two defendants, nonresidents, on a promissory note in his favor for £86, executed and made payable three months after date in Dublin, Ireland. The note was given for money loaned for the purpose of paying necessary expenses of the defendants and their children, as appears from a deed of charge, to secure said note, executed by defendants, on the succession of Geo. H. Braughn, father of Mrs. Julia Braughn, wife of Thomas M. Walsh.

The widow of the said George H. Braughn was garnished, and admitted that the interest of Mrs. Julia Braughn Walsh in her father's estate far exceeded the sum sued for by the plaintiff.

The curator ad hoc in his answer disclaimed knowledge of the validity and genuineness of the note sued on, and denied the liability of the defendants thereon.

[1, 2] On the trial, the plaintiff proved the execution of the note and deed of charge, and that the defendants were nonresidents. Plaintiff then offered depositions of certain lawyers taken in Dublin to prove the wife's capacity to execute the note sued on under the laws of Ireland. This evidence was ruled out on the ground that the statutory modifications of the common law in Ireland had not been alleged. There was judgment for defendants, from which the plaintiff appealed to the Court of Appeal, which reversed the judgment and remanded the case, for the following reasons:

"It appearing from the allegations of the petition and from the note itself, which is annexed thereto, that the promissory note upon which defendants are sued was executed by them in Dublin, Ireland, and is payable there, it follows as a conclusion of law, without the necessity of allegations to that effect, that the legal effect of the instrument must be governed by the law of Ireland. Consequently the action of the trial court in dismissing the supplemental petition which sought simply to supply the necessary averment is immaterial, for under the original petition itself proof of the validity of the instrument under the law of Ireland was admissible."

"The deposition of the solicitor in Dublin was taken by commission and tendered in evidence to prove that the instrument was valid, and evidences a legal obligation of the wife under the law of Ireland. This testimony was objected to by defendants and rejected by the trial court, on the ground that the obligation of the wife, to be valid according to the law of Ireland, must be by some statute, since it is void under the common law, the basic law of Ireland, and that parol evidence of the statute is not admissible."

"The court erred in not receiving the evidence. The principle seems to be well settled, that the law of a foreign country may be proved by parol unless it is affirmatively proved that such law exists in written or statutory form."

Before considering the reasons assigned by the Court of Appeal, it may be here stated that the plaintiff offered to file a supplemental petition containing the following allegation:

"Petitioner now alleges that said promissory note and said deed of charge are valid instruments, duly executed under the laws of Ireland, and that petitioner desires to prove herein that they are such, and to tender in evidence the law of Ireland in relation thereto."

This supplemental petition was allowed by the judge a quo, and duly filed. Fifteen days later the judge a quo, on the exception of the curator ad hoc, and for reasons orally assigned, vacated the order allowing the filing of the supplemental petition. The exception was that said petition changed the substance of the demand, changed the issues by adding another issue, and came too late, having been offered long after the case had been taken up for trial.

Several solicitors in Dublin testified that, under the law in Ireland, the defendants were competent to execute the note and charge sued on. None of them refer to any statute on the subject-matter, and the existence of no such statute was proven on the trial.

In Boggs v. Reed, 5 Mart. O. S. 673, 12 Am. Dec. 482, the court held that it was error to presume that interest was allowed by statute in the state of Ohio because no interest was allowed at common law, and remanded the case for parol proof of the law of Ohio on the subject-matter. Martin, J., said in part:

"The knowledge which the judges of the courts of the state of Louisiana have of the laws of their own state, and of those of the United States, must direct their opinions and their conduct. The laws of other states must be proven before them, in every case in which it is proper they should influence their opinion. No country is believed to exist in which every title of the law is reduced to a text."

This case was approved in Woolsey v. Paulding, 9 Mart. O. S. 294; and Rosine v. Bonnabel, 5 Rob. 163.

As no proof was adduced below of the existence of a statute in Ireland quoad the rights of married women to bind themselves, under the state of facts set forth in the pe-

·tition, parol evidence of the unwritten law of that country on the subject-matter was clearly admissible. 1 Greenleaf on Evidence (14th Ed.) § 488, p. 584, 3 Wigmore on Evidence, § 1953; cases cited supra.

The allegations of the petition, with the documents thereto annexed, disclose that they were executed and were to have effect in the city of Dublin in Ireland. Article 10 of the Civil Code provides that:

"The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed."

It is settled jurisprudence that the laws of this state relating to married women do not operate to the benefit of married women domiciled elsewhere. Marks v. Germania Savings Bank, 110 La. 659, 34 South. 725. Hence, by necessary implication, the claim of the plaintiff against the defendants is based on the laws of Ireland. Defendant curator was so informed when the plaintiff obtained a commission· to take the depositions ·of certain lawyers in Dublin to prove the competency of Mrs. Walsh to execute the instruments sued on and their validity under the laws of Ireland. The depositions when returned proved that said instruments were valid, and that Mrs. Walsh was competent to. execute the same, under the law of Ireland. None of the legal experts referred to any statute on the subject-matter.

Hence there is no question in this case of pleading or proving a statute of Ireland. The existence of a statute on the subject-matter is merely an assumption deduced from another assumption that in Ireland the rights of married women are governed by the English common law.

We think that`the original petition, with its exhibits, discloses that plaintiff's claim is based on the laws of Ireland.

We are also of opinion that the' supplemental petition of the plaintiff was properly allowed, as a mere formal amendment, call-

137 LA.—6

ing for no delay, and that the judge a quo erred in thereafter reversing his ruling, and dismissing the supplemental. petition.

The allegation in that petition that the plaintiff, under the facts stated, is entitled to recover under the laws of Ireland, is sufficiently specific.

It is therefore ordered that the judgment of the Court of Appeal herein be affirmed.

PROVOSTY, J., dissents, and will hand down reasons. See 68 South. 394.