**DUNBAR vs. THOMAS.**

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, FOR THE PARISH OF WEST FELICIANA, JUDGE MORGAN, THEN JUDGE OF THE DISTRICT, PRESIDING.

Where an administrator sues in the District Court, and exhibits evidence of his appointment, this court cannot inquire, collaterally, into the propriety of such an appointment by the Court of Probates.

An administrator has the right to enforce payment of all debts due to the estate he administers, which are still in his hands, and the proceeds of which, when paid, are liable to the debts of the estate.

This is an injunction suit to stay an order of seizure and sale. The plaintiff purchased, in January, 1836, four slaves at the probate sale of the succession of Mary Bennett,

deceased, for the price of $3,800, payable in three equal <span>EASTERN DIST.</span> annual instalments; for which he gave his notes with mort- <span>*February*, 1840.</span> gage on the slaves until complete payment. The defendant <span>DUNBAR *vs.* THOMAS.</span> having been subsequently appointed administrator of said estate, in the place of one G. H. Patillo, who was first appointed, proceeded by the executory process against A. Dunbar, the maker on the second note, when he was stopped by this injunction.

The plaintiff alleges, that since the sale and the execution of his notes, there has been a partition of the assets and property of the estate of Mary Bennett, deceased, among her heirs; that said notes belong to the heirs; and that he has paid a part of the debt to one of them, who has given him further time for the balance; and another part to the tutor of the other heirs, from whom he has received a like indulgence.

He further alleges, that the defendant has no right to receive this debt as administrator, and is consequently without authority to proceed against him on the mortgage, and to obtain an order of seizure and sale. The defendant denied that any partition was ever made, but that in 1835, the tutor of the minors Bennett, accepted the succession of their deceased mother, with benefit of inventory on their behalf, after being duly authorized; that no partition could be made until a final settlement of the estate, and none of the heirs had any authority to receive any portion of said debt, &c. He prays that the injunction be dissolved with damages.

On the trial it appeared in evidence that, when the succession of Mary Bennett was opened, it was accepted by the heirs with benefit of inventory, and George H. Patillo, who married one of them, was appointed administrator, who rendered his account in October, 1836, and was discharged. In November following, the defendant, Thomas, was appointed, and took charge of the assets of said estate.

- In the meantime, in February, 1836, on the application of one of the heirs, a partition among all the heirs of the estate of Mrs. Bennett, had been made out by the probate judge, acting as notary public, and signed. This act of partition was

never homologated, and the defendant was afterwards appointed to administer on the discharge of his predecessor, and the notes in question were put in his hands for collection. One or two of the heirs admitted they had promised indulgence to the maker of the notes, and some partial payments were shown.

There was judgment, however, dissolving the injunction, with ten per cent. damages. After a strenuous and unsuccessful attempt to obtain a new trial, the plaintiff appealed.

*Turner,* for the plaintiff and appellant.

1st. The injunction which had been obtained by the plaintiff against the defendant was legally and properly granted, and ought to have been rendered perpetual.

2d. The defendant having expressly, in his answer, put at issue the regularity and legality of the appointment as administrator to the estate of Mary Bennett, the plaintiff had a right to show that his appointment was a nullity, and for that purpose to show that the Court of Probates was without jurisdiction.

3d. It is fully shown that the estate of Mary Bennett had been fully administered, and the administrator discharged ; and that the property of the estate had been partitioned, and had passed into the possession of the heirs. From that time the Court of Probates was without jurisdiction, and the subsequent appointment of Joseph B. Thomas was a nullity.

4th. A recovery by him of the debt owing by the plaintiff for property purchased by him at the probate sale of the estate of Mary Bennett, would not have been a bar to the right of the heirs to recover the same debt.

5th. The court erred in rendering a judgment for damages against the plaintiff, and against his security.

6th. It is not shown by the testimony that Thomas, as administrator, had the legal right to collect the note for which he took out the order of seizure and sale.

7th. Damages not allowed in case of doubt or where there is a credit allowed. 11 *Louisiana Reports,* 483. 6 *Louisiana Reports,* 310, 311 and 312.

Wherefore he prays that the judgment may be reversed, and judgment rendered in favor of the plaintiff, Dunbar, at least for so much as he paid to one of the heirs; and that the judgment for damages be reversed, and judgment given in favor of the plaintiff for the special damages proved against defendant, and general relief.

*Andrews* and *Thomas*, for the defendant, prayed the affirmance of the judgment dissolving the injunction, but that it be amended so as to allow twenty per cent. damages.

*Bullard, J.*, delivered the opinion of the court.

The appellee, as administrator of the estate of Mary Bennett, deceased, having sued out an order of seizure and sale upon a mortgage given to secure a debt due to the estate, was arrested by an injunction obtained by the debtor and present appellant, founded on the allegations that the estate had been partaken, and the debt in question allotted to several of the heirs; that he had paid one of them a part of the debt, and two hundred dollars to the tutor of another, both of whom had given him time, and did not authorize the order of seizure and sale. He denies the legal right of the plaintiff to sue out the order of seizure.

The answer avers, that the defendant in injunction, is administrator of the estate, and denies that any legal partition has been made. He alleges, that the estate was accepted under benefit of inventory, and that no partition could be made until the settlement of the administrator. He denies the right of the several heirs to receive any part of the debt due by the appellant until after the settlement of the succession.

The administrator having exhibited evidence of his appointment, the District Court could not inquire collaterally into the propriety of such an appointment by the Court of Probates. The only remaining inquiry, therefore, appears to us to be, whether the debt in question belonged to the estate and still formed a part of the assets upon which the plaintiff was to administer, or whether it had been withdrawn from the mass and partitioned among the heirs.

Where an administrator sues in the District Court, and exhibits evidence of his appointment, this court cannot inquire, collaterally, into the propriety of such an appointment by the Court of Probates.

EASTERN DIST.    The record shows that the appointment of the administra-
*February,* 1840.  tor was subsequent to the proceedings had in the Court of

TOUTAIN        Probates, which are styled a partition, and he appears to be
*vs.*           in possession of the evidence of the debt.   Indeed, the parti-
HIS CREDITORS.
               tion amounts to little more than a calculation of the amount
               of the share which will be coming to each heir after all col-
               lections are made, and the payment of the debts.   The
An adminis-    notes due by Dunbar are not assigned and delivered to diffe-
trator has the
right to enforce rent heirs, but simply an agreement, sanctioned by an order
payment of all  of the court, that the heirs are to be paid in different propor-
debts due to the
estate he admi- tions a part of their shares out of these notes.   It is rather a
nisters, which
are still in his disposition of the proceeds of the notes after they shall have
hands, and the been received, than an assignment of them.   They, there-
proceeds of
which, when fore, still belonged to the estate, liable to the payment in the
paid, are liable
to the debts of first place of the debts, and the administrator had, in our
the estate.     opinion, a right to coerce their payment.

The judgment against the principal and surety on the injunction bond, appears to us such as the statute authorizes on the dissolution of an injunction.

It is, therefore, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.