Alexis Richard *v.* C. G. Ouviere, Administrator.

Plaintiff claimed the benefit of a mortgage granted by *Bertrand Combe* in favor of *Pierre Pelaunes* in 1849. It was a mere simulation, intended to protect the property from seizure. *Pelaunes* gave no value for the note secured by the mortgage, and never claimed any rights under it. He held it simply as the trustee of *Combe.* Plaintiff was aware of this, and at the same time became the simulated holder of the property of *Combe,* which had been previously conveyed to *Pelaunes,* to avoid the pursuit of creditors. Plaintiff's answers to interrogatories propounded to him, established indeed an indebtedness to him on the part of *Combe's* succession, in a sum equal to that called for by the note, but the same answers in connection with other evidence received without objection, established also that it is an ordinary indebtedness, not legally identified with the note and mortgage given to *Pelaunes. Held :* That the fact that plaintiff with full knowledge of these facts, paid to *Combe,* in 1854, the amount of the note executed by the latter in favor of *Pelaunes,* in 1849, cannot give vitality to a mortgage which never had a real existence.

The appearance of an attorney of absent heirs, in the cause, does not destroy the right of the administrator to oppose the allowance of an unfounded privilege.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *E. Filleul,* for plaintiff and appellant. *C. Dufour,* for defendant.

Spofford, J. The only question in this cause is, whether the plaintiff, *Alexis Richard,* has a mortgage on the slave, *Fanny,* belonging to the succession of *Bertrand Combe.*

It is clearly established that the mortgage of which the plaintiff claims the benefit, was executed in 1849, in favor of *Pierre Pelaunes,* and was a mere simulation intended to protect the property from seizure.

*Pelaunes* gave no value for the note secured by this mortgage, and never claimed any right under it. He held it simply as the trustee of *Combe.*

Were the plaintiff an assignee of *Pelaunes* without notice of the facts, his position would be very different.

But he cannot assume that position. His answers to the interrogatories propounded to him, establish indeed, an indebtedness to him on the part of *Combe's* succession, in a sum equal to that called for by the note, but the same answers in connection with other evidence received without objection, establish also that it is an ordinary indebtedness not legally identified with the note and mortgage given to *Pelaunes.*

*Pelaunes* handed the note to him because it was waste paper in his hands, for which he had given and could receive no value. *Richard* was aware of this, and, at the same time, became the simulated holder of other property of *Combe,* which had been previously conveyed to *Pelaunes,* to avoid the pursuit of creditors.

The fact that *Richard,* with full knowledge of these facts, paid to *Combe,* in 1854, the amount of the note executed by the latter, in favor of *Pelaunes,* in 1849, cannot give validity to a mortgage which never had a real existence.

The administrator represents the creditors of the deceased, and it is proper that he should oppose the allowance of an unfounded privilege. The appearance of the attorney of absent heirs in the cause, does not destroy the right of the administrator to set up this defence. If the succession is solvent, it is not important to the plaintiff to have a mortgage allowed; if it is insolvent, it is important to other creditors to resist the allowance.

The judgment is, therefore, affirmed with costs.