On the Merits.
Succession is the transmission of the rights and obligations of the deceased to his heirs; and it signifies also the estates, rights, and charges, which a person leaves after his death, whether the charges exceed the property, or the property exceeds the charges, or there be nothing left but charges; and it includes, not only the rights and obligations of the deceased, as they exist at the time of his death, but all that has accrued thereto since the opening of the succession, as, also, the new charges to which it becomes subject. Civ. Code, arts. 871, 872, 873. The succession *67 of Widow Delaneuville consisted, and now consists, upon the one hand, of certain debts, and, upon the other hand, almost entirely of the rights reserved or accruing under the contract of sale which has been made the subject of this litigation. Those rights were and are to sue for the dissolution of the contract, w-ith damages in the event of the nonpayment of the price at which the sale was made, or to enforce the payment of such price. Civ. Code, art. 2046. And, there being debts to be paid, and no other source from which the funds necessary for that purpose can be derived, it was and is the duty of the administrators to reduce these rights to cash, and with the cash so obtained to pay the debts; the heirs, unless they choose to come forward and pay such debts themselves, having no real interest in the succession until that has been accomplished. Civ. Code, art. 1058; Ingram v. Laroussini, 50 La. Ann. 69, 78, 23 South. 498. There is no question here of the divisibility or nondivisibility of the mortgage or of the action to dissolve the sale, since the whole mortgage and the whole right of action (the enforcement of the former to be exercised as an alternative to the latter) belong to the succession, and are to be administered for the benefit, primarily, of the creditors.
“An administrator is the trustee of the creditors ; his first duty is to them ; he is bound to watch over their interest.” Succession of Harkins, 2 La. Ann. 923; Richard v. Ouviere, 10 La. Ann. 723; Succession of Jacob Weigel, 21 La. Ann. 149. “The administrator of an insolvent succession represents the creditors, and not the deceased ; and may maintain, for their benefit, an action, which the deceased, were he alive, could not for his own.” Judson v. Connolly, 4 La. Ann. 169. “An administrator has a right to collect all succession claims, which, when paid, will be assets in his hands to meet the debts.” Dunbar v. Thomas, 14 La. 332. “Where one with a claim against government dies before the passage of a law providing for its payment, the fund so created forms part of his succession, and is liable, in his executors’ hands, for his debts, free from which his heirs-cannot claim it.” Hall v. Emerson, 11 La. 10.
This suit, as brought, has for its purpose the enforcement of a condition written by law into a contract made by the decedent, which, prior to her death, she had judicially declared that she intended to enforce; and it no more involves an attack upon any act of hers than would a 'proceeding to enforce the alternative remedy contemplated by that contract, to wit, a specific performance on the part of the vendee by payment of the purchase price of the property sold. There was no reason, therefore, why the administrators alone should not have brought the suit. In fact, believing, as they did, that it was to the advantage of the creditors that such a suit should be brought, rather than an action to recover the price of the property, it would have been their duty to have brought it, whether the heirs agreed to it or not; and the fact that a majority of the heirs joined them as plaintiffs does not deprive it of its character as a suit brought by the administrators to recover, and reduce to cash, for the benefit of the creditors, an asset belonging to the succession; Referring to the authority of administrators to stand in judgment for the purposes of suits affecting title to real estate, this court has said:
“With regard to exequtors article 123 of the Code of Practice especially provides that real actions cannot be brought against them without making the heirs parties; from which it is inferred that a like rule applies to real actions brought by them, though this is not settled as to all cases. But, if it had been intended that the same rule should appljr to administrators, it is strange that it should not have been so expressly provided. On the contrary, article 122 provides that all kinds of actions may be brought against curators of vacant successions. * * * Now, when we read in article 1049 of the Civil Code that ‘administrators have the same powers and are subject to the same duties as the curators of vacant successions,’ we naturally assimilate their rights to sue and to be sued to those possessed by such curators, rather than to those possessed by executors. Besides, article 1058 of the Civil Code requires administrators to settle all the affairs of the succession, and, after payment of the debts, to pay over the surplus to the heirs. This implies the right and duty to recover the property, as much as to collect the debts, of the succession. It is not for him, it is " true, to assail the validity of acts done by the decedent, unless necessary for the protection of creditors; and, if he have already settled all the debts and charges of the succes *69 sion, it is improper for him to institute such actions, because the objects of the agency have been fulfilled, and he should give way to the heirs, who are the only persons interested, and may assert their own rights. But certainly, so . long as the debts are unpaid, and the affairs of the succession are unsettled, if he discovers property belonging to the succession held by adverse title, not derived from the act of decedent, it is his duty to reclaim it, and he has the right to sue for it, without joining the heirs.” Woodward v. Thomas et al., 38 La. Ann. 242, 243.
To argue that a suit to enforce a condition in a contract of sale, whereby the right is reserved to the vendor to reclaim the property in the event of the failure of the vendee to pay the price, is an attack upon an act of the vendor, is merely to confuse a plain proposition. Generally speaking, no doubt, in actions of this character there should be a tender by the plaintiff of so much of the purchase price as he may have received; but the rule is no broader than the reason upon which it is founded, and is not of universal application; the most that a vendee in such a case is entitled to being that, as a condition to the dissolution of the contract, he should be made whole with respect to his disbursements. In the instant case it is not pretended that any part of the principal of the note given by the vendee in liquidation of the purchase price of the property has been paid. The taxes were to be paid from the rental of a certain portion of the property which the vendor reserved to herself, and the plaintiffs in their petition deny that any interest was paid, and allege that the indorsements showing such payments for the years 1892, 1893, and 1894 were fraudulently made. They allege, moreover, that the amount due by the defendants for the use of the property far exceeds the disbursements made. Under these circumstances the tender of interest and taxes could not reasonably have been expected. Ware v. Berlin, 43 La. Ann. 534, 9 South. 490.
It is therefore ordered, adjudged, and decreed that the judgments herein rendered by the district court and the Court of Appeal be annulled, avoided, and reversed; that the notarial contract of sale from Mrs. Widow Delaneuville to William Dube of date January 28, 1892, be now resolved and set aside, and the property which was the subject, thereof decreed to belong to the succession of said vendor; that the rights of the defendants with respect to disbursements made under said contract, and of the succession with respect to the use and enjoyment of the property, be reserved; and that this case be remanded to the district court, to be there proceeded with in accordance with the views herein expressed; the defendants in said suit to pay the costs of. this proceeding.