## STATE *v.* MARION FULLER.

The objection, that the defendant did not have a copy of the venire and indictment served upon him
two entire days before his trial, must be urged before going to trial ; it can have no effect when the
defendant seeks to avail himself of it after the verdict has been rendered.

The general repealing clause of the Act of 1855, relative to crimes and offences, does not repeal the
former statutes denouncing crimes and offences, upon which the Act is silent.

APPEAL from the District Court of the Parish of Union, *Richardson, J.*
F. P. *Stubbs*, District Attorney, for the State. *McGuire & Ray*, for de-
fendant and appellant.

VOORHIES, J. This case comes up on a motion in arrest of judgment.

The objections, as stated in the motion are : 1st, " That there is no law in this
State, making the inciting, moving and procuring of a person to inveigle, steal
and carry away any negro or other slave, an offence, as is charged in the indict-
ment, upon which judgment is rendered in this case ; 2d, That this defendant did
not have a copy of the venire and indictment served on him two entire days be-
fore he was tried, as appears by the return of the Sheriff on the back of the in-
dictment."

The last objection, however good it may be when urged before going to trial,
loses its efficacy when the party seeks to avail himself of it after verdict rendered
in the case. This right is waived when not claimed before trial. *State* v. *Her-
nandez*, 4 An. 379 ; *State* v. *Price*, 6 An. 691 ; *State* v. *Benjamin*, 7 An. 47 ;
*State* v. *Holmes*, 7 An. 567 ; *State* v. *Kentuck*, 8 An. 308 ; *State* v. *Maxent &
Guesnon*, 10 An. 743 ; and *State* v. *Jackson*, 12 An. 679.

The indictment charges that the prisoner " did feloniously and maliciously *in-
cite, move, procure, aid, hire* and *counsel* the said *Robert Fuller* and the said *Robert
H. Holmes* alias *W. B. Hall*, in manner and form aforesaid, to inveigle, steal and
carry away......" The prisoner contends that six different offences, three of

which are unknown to our laws, are charged in the same count; and that, conse quently, this defect is not cured by general verdict.

The statute of 1819 (Acts p. 62–3) reads as follows : " All and every person and persons, who shall inveigle, steal, or carry away any negro or other slave or slaves, or shall *hire, aid,* or *counsel* any person or persons to inveigle, steal, or carry away," &c........ The addition in the indictment of the terms *incite, move* and *procure,* far from changing the nature of the offence charged under the statute, is merely explanatory. The indictment is couched in the very words of the statute, which, in this respect, denounces the offence committed by accessories before the fact; and although it would have been sufficient to have inserted the expression used by the statute to define the offence of an accessory before the fact, to the inveigling, stealing and carrying away of slaves, yet, there can be no impropriety in adopting the common law form of charging the offence, as it embraces the precise terms of our statute.

It is contended, in the last place, that the statute upon which the present indictment is framed, has been repealed by the Act of 1855, relative to crimes and offences. The failure to reënact this statute in the Act of 1855, above mentioned, is not affected by the repealing clause, " that all laws contrary to the provisions of this Act, and all laws upon the same subject-matter, except what is contained in the Civil Code and Code of Practice, be repealed." In the list of offences, comprised in the 125 sections of this Act of 1855, there is not one upon the same subject-matter as the offence under consideration. We have already held, that the Act of 1855 does not, by omitting any particular crime or offence, existing previously, repeal the same. *State* v. *Wilson,* ante, p. 446.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed.