H. KENDALL CARTER & Co. *v.* JOHN N. LEWIS et al.

Facts stated in an affidavit for a writ of sequestration are, by legal presumption, taken *prima facie* as true, on the oath of the affiant, until the contrary is shown by sufficient proof.

In a suit between parties with reference to the title to land and slaves, where the agent of the plaintiff sequestered the property upon his own affidavit, and the defendant moved to dissolve the writ of sequestration, upon the ground that the agent was without authority to take that proceeding—*Held :* That an authorization from the plaintiff to his agent to get possession of the property, although the defendant should object to giving it up, cannot be presumed to mean that the agent should take possession by force and violence, but on the contrary, by process of law, and is sufficient, therefore, to authorize the agent to make the affidavit and execute the bond in order to obtain the writ of sequestration.

New grounds for the dissolution of a writ of sequestration cannot be made, on appeal, in the Supreme Court, especially when there has been no formal written assignment of errors.

APPEAL from the District Court of the Parish of Rapides, *Cullom,* J. *W. B., J. C. & E. T. Lewis* and *Orsborn,* for plaintiff and appellant. *Hyman & Cazabat,* for defendant.

LAND, J. · The plaintiffs instituted this suit for the recovery of a plantation, and a certain number of slaves, together with the fruits and revenues of the same. They subsequently filed a supplemental petition, and for the causes therein set forth, prayed for the issue of a writ of sequestration. The writ was granted, and the plantation, slaves and then growing crops of cotton and corn, were sequestered by the Sheriff.

The defendants filed a motion to dissolve the writ of sequestration, on the following grounds :

1. That the grounds of apprehension are not specified, or mentioned in the affidavit, and even in the petition, as required by law.

2. That the allegations and facts sworn to are untrue, and have no existence.

3. That there is no evidence that the affiant, *Wm. G. Yarborough,* is and was, at the time he made the affidavit, the agent of petitioners, and was without authority to proceed.

I. The grounds of apprehension stated in the supplemental petition for the writ

of sequestration, are, first, in respect to the slaves, that the plaintiffs " have reason to fear, and do fear, that the said *John N.* and *John H. Lewis* will send said slaves out of the jurisdiction of the court during the pendency of said suit," and, in reference to the land, that " the said *John N. & John H. Lewis* will make use of their possession to convert the fruits, corn and cotton produced by said plantation and slaves, during the present year, 1859, to their own use."

The causes set forth in the affidavit for the sequestration are substantially, if not identically, in the same language with those used in the petition, and must be taken to be set forth with sufficient certainty, because they are stated in the words of Art. 275 of the Code of Practice, prescribing the causes for which the writ of sequestration may be obtained in suits of this character.

II. The defendants offered no evidence to disprove the facts stated in the affidavit, and they are, by legal presumption, *prima facie* true, on the oath of the affiant, until the contrary is shown by sufficient proof.

III. The third ground is, that *Wm. G. Yarbrough*, who made the affidavit, was not the agent of the plaintiffs at the time, and was without authority to act in their name and on their behalf in suing out the writ of sequestration. The evidence is clear, that he was at that time the agent of the plaintiffs; but the question is, whether his powers were sufficiently special to authorize him to make the affidavit, and thereby to bind the plaintiffs for the legal consequences of his act in suing out the process of sequestration. The evidence of his powers, as attorney in fact, is a letter written by the plaintiffs to him on the subject of the property now in controversy. This letter, after referring to a matter of compromise or agreement between the plaintiffs and defendants, in relation to the property in dispute, proceeds to give the following instructions to *Yarbrough*, the agent : " You will give your whole attention to this *matter* until *closed* after commencing, and see *Mr. Lewis* moved off, and place *Mr. N. Griffin* in possession of the place to work the land : *Now, should Mr. Lewis object to giving up possession of all the negroes, then you will take possession of all the negroes, and give no chance for dodging at all. Go fully prepared to carry this thing through.*"

The plaintiffs, in their letter of instructions to their agent, evidently contemplated a non-compliance on the part of the defendants, with the terms of the compromise or agreement referred to, and not only authorized their agent, in that event, to proceed in their name and on their behalf, but directed him how to proceed, that is to say, to take possession of all the slaves.

We cannot presume that the plaintiffs intended that their attorney in fact should take possession of the slaves by force and violence, but on the contrary, by process of law ; that is to say, to take such steps as would secure to the plaintiffs the possession of the slaves at the end of the litigation with the defendants, which they at the time anticipated, on the happening of the event of non-compliance mentioned in their letter. These instructions delegated to the attorney powers sufficiently specific to make the affidavit, and to execute bond in order to obtain the conservatory process of sequestration sued out in this case, and the defendants have, consequently, all the security for indemnity provided by law, in case it should be determined that the writ was wrongfully obtained; and, on this ground, have no cause of complaint.

The defendants' counsel have argued other grounds for dissolving the writ, than those specially made in the motion filed in the lower court; but new points cannot be made on appeal, in this court, especially when there has been no formal written assignment of errors.

CARTER
*v.*
LEWIS.

For the reasons stated, it is ordered, adjudged and decreed, that the judgment of the lower court be reversed ; and it is now ordered, adjudged and decreed, that the writ of sequestration sued out in this case be reinstated, and that this case be remanded for further proceedings according to law, and that defendants pay the costs of this appeal.