No. 3423.—LOUIS CAVALIER *v.* POLICE JURY, Right Bank, Parish of Jefferson.

The exception that the petition discloses no cause of action, admits for the purposes of its trial, that the allegations in the petition are true, and if the allegations disclose a cause of action the exception will be overruled.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee,* J. *R. L. Preston,* for plaintiff and appellant. *J. Fisk,* Parish Attorney, for defendants.

WYLY, J. The plaintiff sues the Police Jury of the parish of Jefferson for $ 3535 36, the value of a levee which he alleges he was ordered to build by said police jury in 1867, and which work was accepted by it, after the completion thereof. The court dismissed the demand on the plea that the petition discloses no cause of action against the defendant.

We think the court erred. This exception admits the allegations of the petition to be true. We think the petition discloses a good cause of action. If the police jury ordered the plaintiff to do the work, as is conceded in the defendant's brief, it is certainly bound to pay him a fair remuneration therefor after accepting the work. This case falls within the rule stated in Kennard *v.* Lafarge, president of the police jury, parish of Avoyelles. 23 An. 168.

It is therefore ordered that the judgment appealed from be annulled, that the peremptory exception be overruled, and that this cause be remanded to be proceeded with according to law, appellee paying costs of appeal.

No. 3782.—BUSH & THOMSON *v.* E. F. DEWING.

A defendant in a sequestration suit who appears by petition, and asks to bond the property sequestered and take it from the possession of the court, is concluded from urging the plea of want of citation. 21 An. 438; 22 An. 368.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey,* J. *Barrow & Pope,* for plaintiffs and appellees. *A. & E. Talbot,* for defendant and appellant.

HOWE, J. The defendant has appealed from a judgment made final after default, and makes the point that he was never legally cited. The return does not show a citation technically regular, but the record reveals the fact that after the sequestration and the service of citation, such as it was, the defendant came into court by a petition, alleged that this suit was "pending" against him, availed himself of the privilege of a defendant to bond the property and take it from possession of the court, and prayed for general relief. We do not think that after such an appearance he can be heard to say that he was not regularly cited. 21 An. 438; 22 An. 368, Abbott *v.* Wilbur.

Judgment affirmed.