State vs. Vianna.

## No. 9472.

### THE STATE OF LOUISIANA VS. A. VIANNA.

Where an accused does not ask for the appointment of an attorney to defend him nor inform the court that he has one engaged, but announces that he is ready for trial, chooses to defend himself unaided, cross-examines the State's witnesses and examines his own, and is convicted, he cannot obtain a new trial on the ground that his counsel was absent from sickness or other cause.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker,* J.

*M. J. Cunningham,* Attorney General, and *Lionel Adams,* District Attorney, for the State, Appellee:

1. The judgment will not be disturbed because of the absence, occasioned by sickness, of counsel for the defense, when the defendant at the trial, instead of asking for a continuance, announced that he was ready to be tried. State vs. Doyle, 36 Ann. 91.
2. The action of the district judge in overruling an application for a new trial in a criminal case, will not be reviewed when no bill of exception is reserved thereto. State vs. Williams, 35 Ann. 742; State vs. Belden, Ib. 824; State vs. Jackson, Ib. 770; State vs. Nelson, 32 Ann. 842.

*H. C. Castellanos* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J. The defendant was convicted of inflicting a wound less than mayhem, was sentenced to eighteen months hard labour, and has appealed. His sole reliance for reversal is the overruling a motion for a new trial made "on the ground that he was unrepresented by counsel at the trial notwithstanding the fact that he had secured the services of counsel in due and proper time", and the counsel thus employed, Mr. Castellanos, was at the time of the trial confined at home by illness and "sent word to that effect to the District Attorney by a well known member of the Bar."

No such complaint was made by the defendant at the trial. No information was given the court that he had counsel engaged, or that he wanted any, and if a prisoner does not ask the court to assign him counsel but prefers to defend himself, he has a right to do it. The court cannot be expected or required to thrust counsel upon an unwilling defendant, and a statement in a motion for a new trial, viz that he was without counsel is no reason for reversal of a verdict. State v. Kelly, 25 Ann. 381.

There is no excuse here of ignorance or inaction, The defendant was not a silent spectator of his own trial. When arraigned on Feb. 11, 1885 he pleaded not guilty. When called for trial two months later

he announced he was ready. On the trial he cross-examined all the witnesses for the State except two, and examined his own witnesses, six in number. He had ample notice of trial. His case was first fixed for March 13th, notice thereof given and the list of jurors served on him. The State continued and fixed it again for April 1st when the same notices were served, and a third time for April 14th, when the trial was had. ,

He seems to have preferred to defend himself. Having thus chosen, he cannot complain of a conviction for want of counsel whom he might have had if he had desired.

Judgment affirmed.