No. 9520.

THE STATE OF LOUISIANA vs. SPENCER JACKSON.

An accused cannot accept a juryman when he has good cause of challenge, take the chances of a verdict in his favour, and when disappointed present the objection in a motion of arrest of judgment. Much more is he forbidden to make the objection after conviction when, having been informed of it in open court by the juryman himself, he consents that the latter shall sit. The disqualification being such that the prisoner could waive it.

APPEAL from the Sixteenth District Court Parish of East Feliciana. Kernan, J.

M. J. Cunningham, Attorney Geneneral, for the State, Appellee.

Kilbourne & Wedge, for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   From a conviction of perjury and sentence thereon to five years' hard labour the defendant appeals and relies for reversal upon a motion in arrest of judgment based on two grounds ;—

1.  "That the jury was biased and prejudiced, one of its members having been on the grand jury that prior to the filing of the information had investigated the case, which defect cannot be waived."

After the jury had been sworn and empanelled, one of them informed the court that he was on the grand jury that found an indictment against the defendant charging him with perjury in this same matter but had no recollection of the circumstances. Thereupon the district-attorney and the counsel for the defendant consented that he should remain on the petit jury and the trial proceeded.

The juryman must have been mistaken about the grand jury finding an indictment as the proceeding before us is an information, unless an indictment was found and withdrawn and this information was afterwards filed. However that may be, it is settled that such objection must have been made when the juryman was offered. An accused cannot accept a juryman when he has good cause of challenge, take the chances of a verdict in his favour, and when disappointed take shelter under the objection that he has refused to avail himself of. State v. Alvarez, 7 Ann. 284 ; State v. Jackson, 25 Ann. 537 ; State v. Harris, 30 Ann. 90.

Much more is he forbidden to make the objection after conviction when, having been informed of it in open court by the juryman him-

self, he consents that the latter shall sit. The disqualification was not such that the prisoner could not waive it.

2. "That the information is defective in not stating the time place and circumstances of the perjury."

This is not well founded. The information sets out the circumstances with minuteness and expressly states the time and place when and where the perjury was committed.

Judgment affirmed.