## No. 9732.

38 499
47 1371

THE STATE EX REL. CITIZENS' BANK VS. JUDGE OF SEVENTH DISTRICT COURT, PARISH OF CATAHOULA.

Ejectment proceedings are summary in character.

A prayer that the defendant be *cited* is not a conversion of such proceedings into ordinary ones. The word used is that found in the statute.

*Mandamus* is the appropriate remedy to compel the trial as *summary*, of such suit, where the district judge has on that account ruled as a question of practice, or procedure, that it has ceased to be such and had been converted into an *ordinary* action.

State ex rel. Citizens' Bank vs. Judge.

APPLICATION for Mandamus.

*Elam & Luce* for the Relator.

*F. L. Richardson* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel the district judge to try summarily a suit brought by the relatrix bank to eject a tenant from a plantation.

The judge returns, admitting his refusal to proceed in a summary manner, for the reason that the relatrix has resorted to the ordinary process and that the defendant, even then, was entitled to the usual delays before the case could legally be fixed, which delays were not given before the fixing.

The plaintiff in the ejectment suit prayed that the defendant, Liddell, be *cited*. The citation issued on the 2d of March, *ult.*, allowing eleven days to defend. It was served on the following day. On the 11th, the court fixed the case for trial on the 15th, at a stated hour.

The defendant then opposed the trial because the proceeding was one *via ordinaria*, and because the case was prematurely fixed.

It cannot be claimed that the plaintiff converted this case (which the law declares shall be tried in a summary way) into an ordinary one, because she asked for *citation* against the defendant.

The very law which provides for a summary trial, directs that the defendant shall be *cited*. R. S. 2155, 2156; see also, R. C. C. 2713.

It was in strict compliance with that law that citation was asked and issued.

We have no concern with the correctness of the proceeding in fixing the case before the expiration of the delay allowed by the citation to appear and defend the suit.

The judge refused to try the suit as a *summary* case, because it had been converted into an *ordinary* one, and the object of the present proceeding is to compel him to try it *summarily*.

Having reached the conclusion that the plaintiff, by asking that the defendant be *cited*, has not altered the character of the suit, it is the clear duty of the district judge to hear and determine it as such.

The remedy sought is appropriate. 34 Ann. 1178; 32 Ann. 543, 597, 774; High on Ex. Rem. §§ 151, 250.

It is therefore ordered that the alternative *mandamus* herein issued be made peremptory. as prayed for.