## No. 9804.

### THE STATE OF LOUISIANA VS. ELLICK WALKER.

A new trial will not be granted for matters which the accused, not having availed himself thereof at the proper time, is presumed to have waived.

Counsel for accused having withdrawn from his case on the day of trial and the case having been subsequently called for trial and proceeded with without request for counsel or application for continuance or any objection of any kind by accused, he cannot, after conviction, require a new trial on the ground that he was taken by surprise and was ignorant of his rights. The judge committed no error in allowing the trial to proceed, and defendant's application for new trial, having no basis of legal error, is addressed simply to the discretion of the judge.

The latter being better qualified than this Court to determine whether the interests of justice required a new trial, the exercise of his discretion will not be interfered with.

APPEAL from the Twenty-second District Court, Parish of St. James. *Duffel*, J.

*M. J. Cunningham*, Attorney General, and *J. L. Gaudet*, District Attorney, for the State, Appellee :

In the absence of record that the defendant requested the court to assign counsel, or ap-

plied for a continuance on the ground of the absence of counsel of record, the mere fact that the trial proceeded without the aid of counsel to defendant, does not constitute error. 36 Ann. 91.

An accused is not entitled to a new trial on account of the absence of witnesses at the trial, though duly summoned where it appears that no postponement was asked, because of their absence and where he consented to go to trial without them. 36 Ann. 923.

Newly discovered evidence tending to impeach or discredit witnesses, who have testified in the case, affords no legal ground for setting aside the verdict and granting a new trial. 34 Ann. 346 ; 35 Ann 46 ; State vs. Gauthreaux,'38 Ann.

A motion for a new trial on the ground of newly discovered evidence must be supported by other testimony in addition to the affidavit of the accused. His alone will not suffice. 36 Ann. 980.

*Sims & Poché* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The only error assigned is in the overruling of a motion for a new trial. The grounds of the motion are substantially the following:.

Defendant, under prosecution for inflicting a wound less than mayhem, states in his motion and affidavit that he was released upon an appearance bond signed by Mr. Damaré, his employer, who had promised to secure the services of Messrs Sims & Poché as his attorneys ; that he had consulted these attorneys and had told them that Mr. Damaré would call on them and become responsible for the fee ; that Mr. Damaré, through inadvertance, failed to see them ; that, on the day when his cause was assigned for trial, Messrs Sims & Poché appeared in court and announced that, no arrangement having been made as promised, they withdrew from the case; that, immediately there after the case was called for trial; that defendant was taken completely by surprise by the withdrawal of his said counsel, but, being an ignorant laborer, not knowing his legal rights in the premises, supposed that he was remediless, and hence submitted to the progress of the trial; that he was thus unexpectedly deprived of the benefit of counsel without fault on his part and was tried without such assistance and in the absence of important witnesses whom he had directed to be summoned and whose absence he was not aware of until the State had closed its evidence.

The judge overruled the motion for the reason assigned by him, "that defendant had had a fair trial, and that the verdict was supported by the evidence, and that defendant went to trial without objection."

Upon the foregoing statement of facts which is not disputed by the judge and is sustained by evidence made part of the bill, it is clear

that if defendant had applied for a continuance to enable him to employ counsel and to secure the attendance of his witnesses, or had requested an assignment of counsel, and such requests had been refused, such refusal would have been error and defendant's title to relief would be clear, under the principles announced in the recent case of State vs. Simpson, 38 Ann. 83.

But the Constitution, article 8, only guarantees to accused persons "the *right* to have the assistance of counsel;" and the statute, R. S., sec. 992, only provides that "every person shall be *allowed* to make his full defense by counsel, and the court shall, immediately upon his *request*, assign to him such counsel as he shall desire."

This Court has repeatedly held that when accused has no counsel, or when his counsel is absent, and when he makes no application for assignment of counsel or for continuance on any ground, but goes to trial without objection, the judge commits no error in permitting the trial to proceed, and, after conviction, defendant cannot assign such defects as legal ground for new trial. State vs. Kelly, 25 Ann. 381; State vs. Doyle, 36 Ann. 91; State vs. Viana, 37 Ann. 606; State vs. Simien, 36 Ann. 923.

It follows therefore that, there appearing no legal error in the proceedings, the application for new trial on such grounds is not founded on any basis of legal right, but is addressed solely to the sound and legal discretion of the judge.

We confess that under the facts herein, which we have stated in their fullest strength, the appeal for a favorable exercise of such discretion was a strong one; but we have no reason to doubt that the esteemed judge *a quo* so considered it and gave it all the weight to which it was entitled. He had a minute acquaintance with all the facts and circumstances of the case which the record necessarily fails to convey to us, and was therefore far better qualified than ourselves to determine whether the interests of justice required, or would be advanced by, the granting of a new trial. It would be nothing less than rashness for us to substitute our discretion for his and to reverse his ruling.

We have given very serious thought to the subject and have concluded that such a course would furnish a precedent unsound in principle and liable to abuse, under which the accused in any case might go to trial without counsel and, after taking his chances for acquittal, might, on conviction demand a new trial on the ground that he desired counsel and was ignorant of his right to have one assigned to him. There is no warrant of law and no precedent in jurisprudence impos-

ing upon the judge the duty of informing an unrepresented accused of his right to have counsel and of asking him whether he desires it, before proceeding with the trial. On the contrary, the several cases heretofore quoted negative the existence of such duty, and every person is presumed to know the law.

The principle is well settled that a new trial will not be granted for matters which the accused, not having availed himself thereof at the proper time, is presumed to have waived. State vs. Hernandez, 4 Ann. 379; State vs. Price, 6 Ann. 691; State vs. Benjamin, 7 Ann. 47; State vs. Holmes, 7 Ann. 567; State vs. Kentuck, 8 Ann. 308; State vs. Maxent, 10 Ann. 743; State vs. Fuller, 14 Ann. 667.

It is equally well settled that this Court will not interfere with rulings of inferior judges on applications for new trial, not based on grounds of legal error, but addressed to the discretion of the judge.

The motion for new trial also embraces a ground of newly discovered evidence but the affidavit as to its character is too vague to support relief and is not sustained by the affidavits of the newly discovered witnesses. The ground is without merit and is not even argued in this Court.

Judgment affirmed.

### DISSENTING OPINION.

TODD, J. The Constitution guarantees every accused a fair trial.

In this case, the accused, an ignorant laborer, had spoken to counsel to defend him, and the counsel did appear for him in some proceeding in the case. When the case was called for trial the counsel announced, for reasons assigned by him, that he withdrew from the case. The trial, however, was proceeded with instantaneously, and the accused, without counsel and without witnesses, was convicted. Of course, under these disadvantages, any other result could scarcely be expected.

In his affidavit for a new trial these facts are stated, and the further statement made that he was completely taken by surprise by the withdrawal of his counsel, and believed he was without remedy.

There is no reason to doubt that the accused fully believed that the counsel to whom he had spoken, and supposed he had employed, had made the necessary preparations for his trial, and that through him his witnesses had been summoned, and we can well imagine how an accused of average intelligence, in such a crisis, finding himself unexpectedly without counsel and about being hurried into a trial without his witnesses, would be overwhelmed with surprise and consternation,

and rendered comparatively helpless. In such a state of mind, even if he knew he had a right to ask for a postponement of the trial and for the appointment to him of counsel, of which this defendant was doubtless wholly ignorant, as he swears—so great would be his confusion as to render him incapable of demanding anything of the court under such circumstances. I think that the trial judge, in the cause of justice, should either have postponed the trial to enable the accused to find that he was entitled to be represented by counsel or to have so informed him on the spot.

I do not think it always compatible with justice to sustain a conviction resting mainly, if not solely, upon no other foundation than that one is presumed to know the law—a violent presumption when applied to a certain class of our people.

For these reasons I do not consider that the trial of the accused was a fair one, and I therefore dissent.