*989 The opinion of the court was delivered by
Breaux, J.
This was an action brought by the plaintiff against the defendant to compel the latter to accept the title tendered.
The property the title to which was tendered, was adjudicated to the defendant by public auction.
The defendant declined to accept the title on the ground that the property was owned by the heirs of Joseph Holtz, and that, in consequence, no title passed by the adjudication.
The defendant avers that the property was acquired by the late Joseph Holtz on the 7th of May, 1884, at tax sale. The property had been assessed in the name of Joseph Billgery. A rule was taken by the administrator of his succession, on the administrator of the succession of Joseph Holtz, directing him to show cause why the registry of this tax title should not be canceled and erased.
The defendant contends that it was an illegality to proceed by rule to have the tax deed held by the succession of Joseph Holtz canceled and erased.
With this exception it appears that the title of plaintiff was legal in every respect, and a title which the defendant consents to take. The controversy is limited to the Holtz tax title, now canceled and erased.
The record before us does not disclose any irregularity which would justify the defendant in refusing to take title to the property.
The fact that the heirs of Billgery at one, time owners of the property, chose to proceed by rule against the administrator to erase and cancel a tax deed of record, would not, of itself render the judgment less binding upon the administrator of the succession of Holtz, and upon those he was in that capacity authorized to represent, if no objection to the mode of proceedings was made at any time.
The administrator could represent the succession with the assent of the heirs of Holtz. It was not brought to our knowledge that any of the heirs objected. To this day, they, at least, tacitly assent to the judgment.
A judgment appointing an administrator constitutes prima facie proof of his capacity to stand in judgment.
Years have elapsed since the judgment ordering the cancellation of the tax deed was rendered. As we appreciate the issues, the owners of the original title have remained in possession and no *990 claim of any illegality was urged in the proceedings in which cancellation of an illegal tax deed was ordered.
The law, in our view, was complied with and the judgment ordering the erasure of this tax title was rendered, we think contradictorily with those in interest. This being the case, we have found, after examination of the record before us, no invalidity in the title tendered to the defendant.
It is therefore ordered, adjudged and decreed that the judgment appealed from, ordering the defendant to comply with the adjudication of the property described in plaintiff’s petition and condemning him to pay the price and interest, is affirmed.