State ex rel. Neyland vs. Read, Judge.

Nos. 12,839 and 12,840.

STATE EX REL. MARY L. NEYLAND VS. STEPHEN D. READ, JUDGE TWELFTH JUDICIAL DISTRICT COURT, PARISH OF CALCASIEU, AND R. L. BELDEN, PLAINTIFF.

There is no legislative authority to try appeal cases in the District Court before juries. The right to trial by jury is given in civil cases before courts exercising original and not appellate jurisdiction.

The issue regarding the improper division of the amount into three different suits was not before the Supreme Court, it not having been raised before the District Court.

ON APPLICATION for writs of *Mandamus* and *Certiorari*.

*A. R. Mitchell* for Relatrix.

*Thomas Kleinpeter* and *R. L. Belden* for Respondents.

Submitted on briefs May 21, 1898.
Opinion handed down May 30, 1898.

The opinion of the court was delivered by

BREAUX, J.   Robert L. Belden sued the relator on a balance claimed as being due by her.   The suit was brought before the magistrate of the Third Ward of Calcasieu.

The relator answered, and pleaded in reconvention an amount exceeding three hundred dollars.

Her demand in reconvention was dismissed for want of jurisdiction.   The court pronounced judgment for plaintiff Belden in the sum of fifty-five dollars and fifty cents.   The defendant, the relator here, appealed to the District Court.

The relator further sets forth in her application for a *mandamus* that five days afterward, before the same magistrate, the same plaintiff brought another suit against her for the sum of one hundred dollars for damages, to which she pleaded denying any indebtedness to him.

Judgment was pronounced against her for the amount plaintiff claimed.

She appealed to the District Court from this judgment.

The relator avers that another, a third suit, was brought against her by plaintiff seven days after the second suit, in which he claimed and recovered contradictorily with her in the same court the sum of one hundred dollars for a fee of attorney.

The relator alleged that each amount was due, if due at all, at the date the first suit was instituted and she asserts that separate suits were brought in order to deprive her from a trial by jury.

The relator avers that on appeal she made a deposit of twelve dollars as a jury fee, and prayed for trial by jury.

In this court a rule *nisi* was granted. In answer to the rule the respondent returned:

That no application had been made for a trial by jury before the magistrate court.

That his own court acting as an appellate tribunal not vested with original jurisdiction could not grant to the relator rights to which she would not have been entitled in the court below.

Lastly, it was urged that the complaint of a division of the demands and the consequent three suits, instead of one suit, is one which should have been raised in the magistrate's court.

The prayer for a trial by jury presents the serious question for our determination.

In appeals from the magistrates' courts to the District Courts, the District Court is exclusively a court of appeals. The case comes up *de novo*, it is true, but we take it that the words apply to the issues of the case to be reviewed on appeal. New issues may be raised. They are, however, to be tried by the appellate tribunal without a jury.

In our judgment they are to be reviewed as issues on appeal, and not to be regarded as if originally presented for consideration before the District Court.

The jurisdiction extends to the adjudication by the appellate court without a jury, of the law and the facts arising on appeal.

The right to trial by jury is given in civil cases before the courts exercising original jurisdiction and not in appellate courts.

We are not of the opinion that any court of appeal possesses the power to call in a jury for the trial of a case without some legislative authority. There is no legislative authority to try appeal cases before juries. Syndics of Brooke vs. Weyman, 3 Martin, O. S. 9.

In Bouquevalte vs. Young, 5 Rob. 163, this court said: " It may

moreover well be doubted whether a trial by jury could be asked in the District Court, considered as an appellate tribunal."

There is no longer any doubt upon the subject. It is well settled, in our view, that there can be no appeal to a jury in such cases.

Next in order, the relator raised the question of division of amount of the claims, as made by the creditor, in order that he might bring three suits before the magistrate's court, instead of one suit in the District Court.

The relator charges that the motive in making the division was to enable the creditor to avoid trial by jury. That motive would not be ground to set aside a judgment under our supervisory jurisdiction.

The greatest difficulty which confronts the relator in her attempt to sustain her application on this point, grows out of the fact that her pleadings have not raised the issues now before us for decision, in either the district or the magistrate's court.

There was no timely exception of any sort of improper division of claim filed in one or the other court. The question of law must arise on the record filed below.

The judge of the magistrate's court, or the judge of the District Court has not been called upon by the pleadings to decide what effect results, if any, from such division. This court under its supervisory jurisdiction must pronounce upon the correctness of the judgment or of the ruling of the District Court. There was no ruling made, or judgment pronounced upon the point. We are constrained, under repeated adjudications, to decline to decide a point of law presented in the first place before this court without pleading or any document suggesting that it had received the least consideration below.

The law as relates to trial by jury being against relator's position, no other ground is properly before us for decision.

The rule *nisi* which was issued in this case is discharged, and relator's application for *mandamus* and *certiorari* is denied at her costs.