(34 South. 791.)

No. 14,692.

HARKNESS v. LOUISIANA & N. W. R. CO.*

(May 25, 1903.)

MARRIED WOMAN—PERSONAL INJURIES—ACTION—PARTIES—RES JUDICATA.

1. Since the amendment of article 2402 of the Civil Code by Act No. 68, p. 95, of 1902, suits to recover damages for personal injuries suffered by a married woman, living under the régime of the community, should be brought by her, with the usual authorization of her husband, or the court, in her own name for her own separate use and benefit.

2. But where the suit is brought by the husband, in his name, under allegations that show the object is to recover damages for personal injuries inflicted on the wife, and no want of capacity in the husband to sue is seasonably raised, a judgment may properly be rendered for damages, and when rendered the same will be the property of the wife.

3. The wife not only made no objection to the suit being brought as it was brought, but appeared and testified at the trial, actively assisting in the prosecution of the case. Under such circumstances no apprehension need be felt by defendant that the judgment may not be res judicata against her.

(Syllabus by the Court.)

Certiorari to Court of Appeal, First Circuit.

Action by S. W. Harkness against the Louisiana & Northwestern Railroad Company. Judgment for plaintiff was affirmed by the Court of Appeal, and defendant applies for certiorari or writ of review. Affirmed.

John A. Richardson, for applicant. John C. Theus, for respondent.

BLANCHARD, J. The writ was granted and the case is before us for review.

Mrs. Addie Harkness, wife of plaintiff, was injured while a passenger on defendant company's railway. The husband, assuming the claim for damages against the company to be a community asset, sued for damages in his own name, as head and master of the community:

Such claims have always, in the past, been considered as pertaining to the community of acquêts and gains—an asset accruing during the marriage, and, therefore, community in character under article 2402 of the Civil

*Rehearing denied June 24, 1903.

Code—and it has been the rule for the husband to sue in his own name to recover the damages suffered by the wife. Holzab v. Railroad Company, 38 La. Ann. 188, 58 Am. Rep. 177.

But by Act No. 68 of 1902 (Acts 1902, p. 95) the article of the Code referred to was amended by the addition to it of the following clause, to-wit:—

"But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone: provided, where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided by existing laws."

This act was approved by the Governor June 30, 1902, and became effective by due promulgation on August 6, 1902.

It was on the latter day that plaintiff's wife was injured.

The Acts of 1902, not having been published and distributed at the time the suit for damages was filed, which was August 13, 1902, counsel representing the plaintiff, residing as he did in a section of the State remote from the Capital, seems not to have been aware of the amendment aforesaid of the Code and, hence, brought the suit in the usual way—that is to say, in the name of the husband.

So, too, when counsel representing the defendant filed his answer on September 8, 1902—the distribution of the Acts of 1902 having still not yet been made—he seems not to have been aware of the change in the law referred to, and, hence, did not interpose the plea of want of capacity in the husband to sue as head and master of the community. He confined himself to a denial of the allegations of the petition.

On the issue thus raised the case went to trial before the Judge of the District Court—a jury having been dispensed with—and resulted in a judgment on the merits for $500.00 in favor of the plaintiff.

Defendant appealed to the Court of Appeal, First Circuit, and at the argument in that court there was raised by its counsel, for the first time, the point that, under the amendment of the Code referred to, the suit was improperly brought in the name of the husband; that the wife alone could sue and stand in judgment; and that the judgment in the case, as brought, if affirmed, would not constitute res judicata nor estop the wife thereafter to sue defendant on the same cause of action.

This argument not having prevailed with the Judges of the Court of Appeal, and the judgment of the District Court, being first reduced to $300.00, having been affirmed by that tribunal, defendant has brought the case here, and presses the point upon our consideration.

*Ruling*—This Court is of the opinion that since the amendment of Civ. Code, art. 2402, by Act No. 68, p. 95, of 1902, suits to recover damages for personal injuries suffered by a married woman, living under the régime of the community, should be brought by her, with the usual authorization of her husband, or the court, in her own name for her own separate use and benefit.

But, where, as in the instant case, the suit is brought by the husband, in his name, under allegations, as here, and shows the object is to recover damages for personal injuries inflicted on the wife, and no want of capacity in the husband to sue is seasonably raised, a judgment, on due showing made, may properly be rendered in such case for damages, and when rendered the same will be the property of the wife and not of the community, and when paid the proceeds thereof will be the separate, paraphernal funds of the wife.

The wife, here, not only made no objection to the suit being brought as it was brought, but appeared and testified at the trial, actively assisting in the prosecution of the case. The judgment rendered estops her from the prosecution of a second suit for damages in her own name on the same cause of action, and thus is defendant relieved of apprehension on this account.

Besides this, it being herein held that the judgment recovered is her property, on payment of the same by defendant company to her, her receipt taken, authorized by her husband, will fully protect the company.

The Court of Appeal properly ruled that points of law not raised in the trial court will not be noticed by the appellate court unless a formal, written assignment of errors is filed in the latter court. Blanchard v. Luce, 19 La. Ann. 46; Carter & Co. v. Lewis,

15 La. Ann. 574; State ex rel. Neyland v. Judge, 50 La. Ann. 445, 23 South. 715.

No such assignment of errors was filed herein.

On the merits of the case, no reason appears for disturbing the judgment we are called upon to review.

It is ordered that the decree of the Court of Appeal herein remain undisturbed.