LAND, J.
(dissenting). The defendant, Donald P. White, was arraigned February 7, 1922, and waá remanded to await further proceedings.
The minute entry in this case of date February 17, 1922, is as follows:
“On motion of Mr. A. D. Henriques, and on suggesting to the court that he is no longer the attorney representing the defendant in the case. It is ordered that Mr. Henriques be allowed to withdraw from this case, and his name taken off the record as attorney. On motion of the accused, and on suggesting to the court that he is unable to pay an attorney to represent him in this matter, it is ordered by the court that' Bernard Cuniffe, Esq., be appointed to represent the accused. At the request of the accused, it is ordered that the appointment of Bernard Cuniffe, Esq., herein, be annulled.” Transcript, p. 8.
On page 18 of the transcript we find the following entry:
“By the Court: The accused and Mrs. Messina phoned me, and were vehy indignant about a lawyer having been appointed, stating to me positively that they did not want an appointed lawyer; that they wanted their own lawyer to represent them, mentioning Mr. Moran. That on this, the 2d day of March, the case came on for trial. Mr. Moran notified the court that he was no longer in the ease, and would not *619 have anything to do with the case. Whereupon the court ordered the accused brought to trial ■without further delay and without an attorney.”
The record discloses that the defendant made no request for the appointment of an attorney on March 2, 1922, before going to trial on that day, that he made no application for delay or continuance of any kind, and that he made no objection to proceeding with the trial.
He had declined and protested against the court appointing an attorney for him and had requested the cancellation of the appointment of Bernard Cuniffe, Esq., prior to the trial, although the record shows that the defendant was unable to employ an attorney. A. D. Henriques, Esq., had previously withdrawn from the case, and, before the commencement of the trial Mr. Moran notified the court that he was no longer connected with the case. As the defendant was not financially able to employ an attorney to defend him and as he had declined the appointment of an attorney by the court, the trial judge was not required by law to do anything, except to order the trial of the case to proceed,
The transcript shows that the trial judge cross-examined the state witnesses for the accused, and also examined and re-examined the defense witnesses, and that the accused also asxed the witnesses such questions as he desired to propound. Transcript, pp. 21, 22, 26-32.
It is not contended in this case that any illegal testimony was admitted against the accused or that any of his witnesses were absent. The case was submitted to the jury without argument, and a verdict of guilty of larceny was returned by the jury.
The only question of law presented on the appeal is whether the accused, under these circumstances, was denied the constitutional' right to have the assistance of counsel in his defense. In the case of State v. Perry, 48 La. Ann. 654, 19 South. 685 we said:
“Counsel claim that the defendant was deprived of his constitutional right of having counsel. Article 8 of the Constitution declares that ‘in all criminal cases the accused shall enjoy the right to have the assistance of counsel.’ Section 992 of the Revised Statutes declares ‘every person shall be allowed to make his full defense by counsel learned in the law, and the court before whom he is tried, or some judge thereof, shall immediately upon his request assign to him such counsel as he shall desire.’ The decisions of this court are to the effect that the court is not bound to assign counsel to an accused unless upon his own request, and if he fails to make the request or to apply for a continuance on the ground of absence of counsel of record, but is ready for trial, the mere fact that the trial proceeded without the aid of counsel to assist him does not constitute error or a ground on which to base a demand for a new trial.”
See, also, State v. Williams, 45 La. Ann. 938, 12 South. 932; State v. Walker, 39 La. Ann. 19, 1 South. 269; State v. Doyle, 36 La. Ann. 91; State v. Kelly, 25 La. Ann. 381; State v. De Serrant, 33 La. Ann. 980; State v. Vianna, 37 La. Ann. 606.
In the case of State v. Sims, 117 La. 1040, 42 South. 495, we said:
“The authorities are numerous to the effect that the duty of the court to appoint counsel arises only where the accused makes such a. request and is unable to employ counsel.”
The minute entry on page 2 of the transcript recites the following:
“Now comes F. B. Freeland, assistant district attorney, who prosecutes for the state, and the above defendant in person was placed! at the bar of the court, unattended by counsel; the state and the defendant being ready for trial..”
The record discloses no objection on the part of £he defendant to proceed with the trial, and, under the authorities above cited,’ it was not error for the district judge to order this case to be tried without counsel. Instead of his action being arbitrary, the record discloses that he did all in his power- *621 to secure to the defendant a fair and impartial trial. He appointed an attorney for him at his request; he examined the witnesses for the defendant and cross-examined the witnesses for the state, and permitted the defendant the privilege of so doing. The judge a quo was powerless to force upon defendant the appointment of an attorney at the trial, as defendant had declined a'nd refused such appointment when made by the court before the trial.
The record in this case does not show that the accused asked for the appointment of counsel, and that the court refused his motion,f and that a bill was reversed. Non-assignment of counsel, without a bill of exceptions seasonably taken, cannot be urged as a ground for a new trial. State v. Malone, 37 La. Ann. 267; State v. Sims, 117 La. 1039, 1040, 42 South. 494; State v. Wells, 147 La. 824, 86 South. 268.
The principle is well settled that a new trial will not be granted for matters which the accused, not having availed himself thereof at the time, is presumed to have waived. State v. Walker, 39 La. Ann. 22, 1 South. 269; State v. Hernandez, 4 La. Ann. 379; State v. Price, 6 La. Ann. 691; State v. Benjamin, 7 La. Ann. 47; State v. Maxent, 10 La. Ann. 723.
In the case of the State v. Charles, 130 La. 685, 58 South. 510, we said:
“An accused cannot be permitted to remain supinely, indifferent about having counsel, take his chances of acquittal, and, after verdict, successfully urge that he was entitled to counsel.”
See, also, State v. Walker, 39 La. Ann. 19, 1 South. 269.
I therefore respectfully dissent from the opinion of the majority in this case, as it is the conclusion of the writer of this opinion that the record discloses no reversible error, and that the judgment appealed from should be affirmed.