## NORTHWESTERN BOTTLE CO. v. ROSEN, ET AL.

---

(October 3, 1927. Opinion and Decree.)
(October 23, 1927. Rehearing Refused.)
(January 20, 1928. Writ of Certiorari and Review Denied by Supreme Court.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Banks and Banking —Par. 69, 73.**

A bank will be liable to the drawer for any damage he may suffer when it receives for collection a draft to which is attached a bill of lading to shipper's order notify * * * accompanied by

written instructions to deliver said bill of lading only on payment of the draft, and when the bank receives payment of the draft from a third person other than the drawer and delivers to him the bill of lading, and the drawer thereby suffers injury.

2. **Louisiana Digest—Judgment—Par. 36, 198.**

When a defendant is called in warranty by his co-defendant and is served with the original petition of plaintiff and with the answer and call in warranty of his co-defendant and files an answer to the original petition and attends the trial of the case in person and is represented by counsel and testifies as a witness on all branches of the case, he will be bound by the judgment rendered against him on the call in warranty although no preliminary default was taken against him thereon and no answer thereto was filed by him, when it is shown he did not raise that issue on the trial of the case nor in his application for a new trial nor suggest any injury for the absence of the default or of the answer.

3. **Louisiana Digest—Pleading—Par. 68, 70.**

A defendant who does not insist upon the trial of exceptions is presumed to have waived them.

4. **Louisiana Digest—Criminal Law—Par. 275, 277, 425, 426.**

A prisoner who has declared his readiness to go to trial cannot afterwards object that he was not served with a copy of the indictment, or that a juror, or the jury commissioners were not qualified. He cannot take the chances of a verdict in his favor and when rendered against him attack it for facts known to him before the trial.

5. **Louisiana Digest—Appeal—Par. 195, 197, 564, 568.**

Pleas and issues not raised in the lower court cannot be considered on appeal.

Appeal from Civil District Court. Hon. H. C. Cage, Judge.

Action by Northwestern Bottle Co. against Aaron Rosen, et al.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Lazarus, Michel & Lazarus, and H. S. Will, of New Orleans, attorneys for American Bank & Trust Co., defendant appellant.

Jno. May, Wm. H. Norman, of New Orleans, attorneys for plaintiff, appellee.

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for Jackson Brewing Co., defendant.

Woodville & Woodville, and J. B. Rosser, of New Orleans, attorneys for Aaron Rosen, defendant, appellant.

CLAIBORNE, J. This is an action for diversion and illegal appropriation of a bill of lading.

The plaintiff alleged that on April 30, 1920, they sold to one of the defendants, the Jackson Brewing Co., a carload of bottles for the price of $4.50 per gross or $1009.12 f. o. b. St. Louis, Mo.;

That on May 15th plaintiff shipped said carload of bottles via I. C. Railroad, notify Jackson Brewing Co., and on May 17th mailed the invoice;

That on May 18th plaintiff drew on the Jackson Brewing Co. a sight draft, bill of lading, for fifty per cent of the purchase price, say $504.56, and on May 18th deposited said draft with the Laclede Trust Co. of St. Louis, which forwarded the same for cancellation to the Liberty Bank and Trust Co. of New Orleans, now the American Bank and Trust Co., another defendant, with the bill of lading attached properly endorsed by plaintiffs;

That the Liberty Bank received said draft and bill of lading and accepted the same for collection;

That the said Liberty Bank failed to notify the Jackson Brewing Co. or to undertake to collect said draft, but tendered it to, and accepted payment thereof from, Aaron Rosen, another defendant, doing business as the American Bottle Co. in New Orleans and surrendered the bill of lading to him;

That the said Aaron Rosen tortiously converted said bill of lading and the carload of bottles to his own use, and on June 2nd delivered said bill of lading and bottles to the Jackson Bottling Co. in part fulfillment of a sale of ten cars of bottles that Rosen had made to the Jackson Brewing Co.;

That when the Jackson Brewing Co. received said bill of lading and bottles from said Rosen they knew that said bill of lading covered the bottles which plaintiff had shipped to them under their contract of sale, and that Rosen was without right to the bill of lading or bottles, and that the acceptance by the Brewing Co. of said bill of lading and bottles constituted a tortious conversion by said Brewing Co. for which it is liable in damages to plaintiff;

That the price at which plaintiff sold said bottles to the Jackson Brewing Co., viz: $1009.12, represented the fair market value of said bottles at New Orleans at the time of the negligent inaction of the Liberty Bank and of the tortious conversion by Rosen and the Brewing Co., "and that as a result of said negligence and conversion your petitioner, having received only the sum of $504.56, has suffered damage in the sum of $504.56, said sum representing the balance of the purchase price and value of said bottles;"

Plaintiffs pray for judgment in solido against the Liberty Bank, Aaron Rosen, and the Jackson Brewing Co.

Aaron Rosen denied all the allegations of the petition.

The Liberty Bank also denied all the allegations of the petition and averred that the draft referred to was not drawn on the Jackson Brewing Co., but was drawn on the American Bottle Co., of which the said Aaron Rosen was the proprietor; that "it presented said draft to Aaron Rosen and received payment therefor from the said Rosen, and remitted the proceeds thus received to the Laclede Trust Co., from which it had received it; that on payment of said draft by Aaron Rosen, it delivered to him the bill of lading attached. The bank further alleged "that if it should develop on the trial of this cause that the said draft was not drawn on the American Bottle Co., or the said Rosen, and was drawn on the Jackson Brewing Co., as alleged by the plaintiff herein, and that therefore the bill of lading was improperly delivered to, or obtained by, the said Rosen in such a way, or under such circumstances, as might render your respondent liable to plaintiff herein for the amount demanded by it, or any other amount, then respondent shows that it is entitled to have and recover judgment against said Aaron Rosen for such amount as your respondent may be condemned towards plaintiff herein." The bank prayed for dismissal of the suit and called Rosen in warranty.

The Jackson Brewing Co. excepted that there was a misjoinder of parties. It admitted the purchase of a carload of bottles; and that it received an invoice from plaintiff for the same, but it never received any bill of lading, that it called on the Liberty Bank for the same, and was there told that it had no such draft; it admitted that Rosen delivered the car of bottles to it as alleged in the petition. It denied all the other allegations of the petition.

The exception of misjoinder was maintained as to the Jackson Brewing Co., and the suit against it dismissed.

The name of Liberty Bank was changed to that of American Bank and Trust Co.

There was judgment on the merits in favor of the plaintiff and against the defendant, the American Bank and Trust Co., for $462.66, and in favor of the American Bank against Aaron Rosen on the call in warranty for the same amount.

In refusing an application for a new trial filed by Rosen the trial judge wrote:

"I have never tried a case since I was on the bench in which the evidence was so clear and overwhelming against the defendants. Failure to give judgment for plaintiff as was done, in my opinion, would have been judicially impossible. This application for a new trial, in my opinion, is utterly baseless and utterly without merit."

Aaron Rosen appealed on July 23, 1924.

The American Bank appealed on July 25th, two days after.

In this court plaintiff, the Northwestern Bottle Co., prayed for damages for a frivolous appeal taken by the bank alleging that plaintiff had proven, by undisputed evidence, that its draft was drawn upon the Jackson Brewing Co., and not upon the American Bottle Co.

The American Bank and Trust Co. also prayed for damages for the frivolous appeal taken by Rosen.

The facts of the case are that the plaintiff, the Northwestern Bottle Co., of St. Louis, sold to one of the defendants, the Jackson Brewing Co., of New Orleans, one carload of bottles for the price of $1009.12, of which it paid cash one-half, or $504.56, the balance payable on receipt of bill of lading. The plaintiff shipped the bottles consigned to shipper's order, Northwestern Bottle Co., notify Jackson Brewing Co., with sight draft on Jackson Brewing Co. attached, for $504.56, or one-half the balance due on the car; but by error the bank notified the American Bottle Co., of New Orleans, owned and operated by Aaron Rosen.

The latter paid to the Liberty Bank the draft on the Jackson Brewing Co. for $504.56, representing one-half of the value of the carload of bottles, and received from the bank delivery of the bill of lading; Rosen then sold the bill of lading, representing the full value of the carload of bottles, to the Jackson Brewing Co., from which he received $967.23 for the whole car, for which the plaintiff had already paid one-half; in other words, Rosen, by paying the draft of $504.56, received a bill of lading for bottles worth $967.23, and sold them for that amount, less $41.80 for deficiency in weight, to the Jackson Brewing Co., which had already paid one half of the carload, so that Rosen received from the Jackson Brewing Co. $462.66 for bottles which already belonged to it.

The question, therefore arises, is the bank liable to the plaintiff for the $504.56, for having received payment of the draft of like amount from the American Bottle Co., or Aaron Rosen, its owner, and delivered to him the bill of lading, and if so, is Rosen liable to the bank in warranty?

The trial judge answered both questions in the affirmative and we are of the opinion that he was correct.

The contention of the defendants that the draft of $504.56 was drawn upon the American Bottle Co. is contradicted by the record.

J. R. Thursby, a former employee of the Laclede Trust Co., of St. Louis, in the capacity of teller, entirely disinterested either for himself or for the bank, testified that in May, 1920, the bank received for collection from the Northwestern Bottle Co., two drafts upon New Orleans, one dated May 18th on the Jackson Brewing Co. for $504.56, and another of May 12th for $611.91 on the American Bottle Co., which drafts were forwarded for collection to the Liberty Bank and Trust Co., of New Orleans; that he accompanied said drafts with the following letter of instructions:

"Deliver attached B/L only upon payment of draft."

He was asked:

"Did you ever authorize or did any one, through you, ever authorize the Liberty Bank and Trust Co. to accept payment from the American Bottle Co., or from Aaron Rosen, of the before referred to draft drawn on the Jackson Brewing Co., or to deliver to any one, other than the Jackson Brewing Co., the bill of lading attached to such draft?

"A. To the best of my knowledge, no.

"Q. Is it customary for banks, on receiving drafts for collection drawn with bills of lading attached, to surrender such bills of lading to any person other than the person upon whom the draft is drawn?

"A. Not unless specific instructions are received to the contrary."

This witness is corroborated in his testimony by Samuel Kranzbery, president of plaintiff company, and by L. A. Henline, late cashier of the defendant bank. The latter was shown the letter of instructions mentioned by the witness, Thursby, and asked:

"Under the banking practice who is the person that bill of lading should have been delivered to on payment of the draft?"

And he answered:

"It should have been delivered to the Jackson Brewing Co.

"Q. And to no one else?

"A. No, sir.

"Q. And if the Bank did deliver that bill of lading to any one else than the Jackson Brewing Co. it was an error on the part of some one in the bank?

"A. Undoubtedly.

"Q. And an unauthorized person received it?

"A. Yes, sir."

The bank which received the draft offered no evidence to prove that it had been drawn on the American Bottle Co.

Rosen, who paid the draft, did not produce it to prove that it was drawn upon the American Bottle Co., nor did any officer of the defendant bank, nor any one on its behalf, contradict the testimony of Thursby or of Henline on any point.

As for the defendant, Rosen, he testified he did not know how to read or write, and he remembered nothing, and knew nothing of the transaction.

The case of Martin v. Hibernia Bank & Trust Co., 127 La. 301, 53 So. 572, relied on by Rosen has no application. In that case Mrs. Martin had not deposited a check for collection, but had sold it to the Arcola Bank.

The singular anomaly is presented that while the American Bank prays for damages for a frivolous appeal, taken by Rosen, itself took an appeal from the judgment in favor of plaintiff. It would seem that if one judgment was frivolous, the other must be also. But we may distinguish, and consider that the bank did not want to be put in the position of having to pay the judgment against itself until it might itself be in a position to recover the amount of its judgment against Rosen. So considered, its appeal was not "frivolous."

Nor can we hold Rosen's appeal frivolous in view of the Martin case and the failure to the bank to have taken a default against Rosen.

The defendant, Rosen, contends that the judgment in favor of the bank and against him, called in warranty, should be annulled and set aside for the reason that no preliminary default was entered against him on the call in warranty, nor did he answer the same; and he relies upon the case of Conway vs. Bordier, 6 La. 349.

That was a petitory action. The defendant called his vendor in warranty.

He was cited, but he failed to answer "nor has judgment by default been taken against him." The judgment against the defendant was affirmed, but the case was remanded for further proceedings against the warrantor "Jacques Riviere." It does not appear in that case that Riviere was otherwise made a party to the suit, nor that he appeared in the suit in any manner. But in the present suit Rosen was already a party defendant, and he was again brought in as a warrantor, and was cited as such. Upon the trial of the case he was present and also represented by counsel and testified as a witness.

His counsel cross examined all witnesses. The testimony adduced affected Rosen, defendant, as well as Rosen, warrantor; no objection was ever made. After judgment had been rendered against him as warrantor he filed an application for a new trial on various grounds, but not on the ground that no default had been taken against him, nor that he had not filed an answer to the call in warranty; in other words he did not urge these two errors in the proceedings which he sets up now. Rosen was not obliged to file an answer to the call in warranty; he could have abstained from doing so. Although plaintiff should have taken a judgment by default against Rosen, C. P. 310; Adler, Goldman & Siegel vs. Wolff, 36 La. Ann. 175; he had the right to waive that formality.

Forms in proceedings must be adhered to when their omission would work an injustice upon a litigant or deprive him of a right. The converse of the proposition is equally true, that technicalities must be disregarded when their absence has worked no injustice upon any one, and their enforcement would bring about hardship upon some one. The tendency of modern practice is to yield as little as possible to technicalities. LeBlanc vs. United Irrigation & Rice Milling Co., 129 La. 196, 55 So. 761; Davis vs. Arkansas Southern R. Co., 117 La. 320, 41 So. 587.

A defendant is entitled to a petition and citation; yet if he does not except to a proceeding by rule he is presumed to have waived citation and he is bound by the judgment. Quertier & Co. vs. Hille, 18 La. Ann. 65; Genella v. McMurray, 49 La. Ann. 988, 22 So. 198; Leboeuf vs. Merle, 1 La. Ann. 144.

In this case the taking of a default was a mere technicality the absence of which has not affected Rosen injuriously nor deprived him of any defense; nor would it have been of any advantage to Rosen had a default been taken. If Rosen filed no answer to the call in warranty, he had no one to blame but himself, Hazard vs. The Agricultural Bank of Miss., 11 R. 336; and it does not appear that the absence of that answer has injured him in his defense. Allain & Tremoulet vs. Truxillo, 15 La. 298. He testified as a witness and introduced other witnesses in his defense and pleaded and urged all the defenses he thought of. He was present throughout the trial of the case in person and was represented by counsel; Rosen made no. objection at any time that no default had been taken against him, and certainly he had no one to blame but himself if he filed no answer. When judgment was rendered against him as warrantor he filed an application for a new trial. But in that application he made no allusion to the want of a de-

fault. He should have spoken then or long before, or forever after his lips are sealed on that ground.

By applying for a new trial Rosen admitted that there was a valid judgment rendered against him which he was estopped from afterwards denying, Abbot vs. Wilbur, 22 La. Ann. 368; Hazard vs. Agricultural Bank of Miss., 11 R. 337. A final judgment cannot be set aside for want of a judgment by default when the record shows that the defendants filed bills of exception and a peremptory exception and defended the suit. State vs. Hampton, 14 La. Ann. 725.

This suit was filed in May, 1921, and Rosen was cited in the same month; judgment was rendered against him on July 16, 1924. Can he be heard at this late day, three years afterwards and under the circumstances to say, that the judgment against him is null because no judgment by default was taken against him? Can he remain silent for six years, take the chances of a judgment in his favor, and if he loses, move to reverse the judgment by raising that point for the first time in the Court of Appeal?

We have said that taking a judgment by default was a formality. It is not every formality that is under all conditions essential to the validity of a judgment.

A defendant may waive formalities, Bawdwin vs. Shields, 21 La. Ann. 118; C. C. 11.

He may waive the formality of a default. Anheuser-Busch Brewing Assn. vs. McGowan, 49 La. Ann. 630, 21 So. 766, No. 9998 Court of Appeal.

A judgment cannot be rendered against a party until exceptions filed by him have been passed upon. Yet he is presumed to have waived his exceptions who does not insist upon the trial of them prior to the trial on the merits. 1 La. Dig., pp. 361-362, S. 197; Serio vs. Trainor, 139 La. 61. 71 So. 215.

Citation is waived by going to trial upon the merits. 1 H. D., No. 7, p. 245. Citation of appeal is waived by appearing. 1· H. D. 7, 1 No. 6; In re Great So. Lbr. Co., 132 La. 994, 62 So. 117; or by bonding sequestration, Bush & Thomson vs. Dewing, 24 La. Ann. 272.

Criminal practice is stricter than Civil, and as a general rule a strict observance of the forms of law is essential, forma dat esse rei, yet in some instances the defendant cannot take advantage of an omission of its forms.

If, on being brought to the bar, the prisoner declares that he is ready for trial, he cannot afterwards object that he was not served with a copy of the indictment. State vs. Hernandez, 4 La. Ann. 379; State vs. Fuller, 14 La. Ann. 667; 1 H. D. 374.

"So of an objection to a juror, that he is an alien. A prisoner, who by the list of jurors served on him, is furnished with the means of investigating their qualifications, cannot take the chance of a verdict in his favor, and when rendered against him successfully attack it for facts known to him before the trial." 1 H. D. 398, S. 15; State vs. Marshall Green, 36 La. Ann. 97; State vs. Robinson, 37 La. Ann. 674; State vs. Jackson, 37 La. Ann. 897; State vs. Burns, 38 La. Ann. 362; State vs. Bird, 38 La. Ann. 499; State vs. Walker, 39 La. Ann. 22, 1 So. 269; State vs. Sopher, 35 La. Ann. 976. "The principle is well settled that a new trial will not be granted for matters which the accused not having availed himself of at the proper time is presumed to have waived." State vs. Walker, 39 La. Ann. 19 (22), 1 So. 269.

Same ruling as to qualifications of jury commissioners. State vs. Tisdale, 41 La. Ann. 344, 6 So. 579.

This question cannot be raised in this Court for the further reason that it "cannot consider, on appeal, questions that have not been passed upon by the District Court." Cunningham vs. Penn. Bridge Co., 131 La. 196 (203), 59 So. 119

"Pleas and issues not raised in the lower court cannot be raised on appeal." Succession of Turgeau, 130 La. 65, 58 So. 497; Bonnin vs. Town of Crowley, 112 La. 1025, 36 So. 842; Neith Lodge vs. Vordenbaumen, 111 La. 214, 35 So. 524; De Grilleau vs. Boehm, 106 La. 472, 31 So. 74; State ex rel. Neyland vs. Read, 50 La. Ann. 445, 23 So. 715; State ex rel. Hibernia Nat. Bank vs. Peals, 50 La. Ann. 28, 22 So. 972; Succession of Rhodes, 39 La. Ann. 473, 2 So. 36; Jackson vs. Michie & Murdock, 33 La. Ann. 731; Verret vs. Bonvillain, 32 La. Ann. 29; Theodore vs. N. O. Mutual Ins. Assn., 29 La. Ann. 917; Slocomb vs. Williams, 23 La. Ann. 245; Montgomery vs. Barrow, 19 La. Ann. 169; Bludworth vs. Hunter, 9 Rob. 256 (263) 1 N. S. 242.

"It does not appear whether the district judge ever passed upon the exception to the mode of citation, therefore we do not pass upon it." McAlpin vs. Jones, 10 A. 552 (553).

The judgment is correct and it is affirmed.